## Van Deusen
## v.
## St. Regis Paper Co.
[Cite as 4 AOA 266]

*Case No. 57108*
*Cuyahoga County, (8th)*
*Decided June 7, 1990*

*Alan I. Goodman, Attorney at Law, 1326 Terminal Tower, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Gary D. Hermann, Timothy P. McCormick, Attorneys at Law, 100 Erieview Plaza, Cleveland, Ohio 44114, for Defendant-Appellee,*

*Herbert Ehrhardt, Leslie Bobo, Attorneys at Law, 11th Floor, Deposit Guaranty Plaza, Post Office Box 22567, Jackson, Mississippi 39225, for Defendant-Appellee.*

SWEENEY, J.

Plaintiff-appellant, George Van Deusen, appeals from the judgment of the common pleas court which granted the motion for summary judgment of defendant-appellee, St. Regis Paper Company. For the following reasons, we affirm the decision of the trial court.

According to the deposition testimony of George Van Deusen, the appellant was an hourly employee of St. Regis Paper Company. Employment at the plant was governed by a collective bargaining agreement. Section 10.12 of the agreement granted the company the right to assign employees to jobs outside of their classification for limited periods. Section 16.2 of the agreement provided that an employee should not return to work until he was physically able to resume his normal duties.

In June of 1982, appellant injured his lower back while working at the plant. On his return from medical leave, appellant took the position that the appellee should honor a doctor's slip which indicated appellant should not be assigned to any work outside his classification as a die maker because of limitation on the use of his lower back. Appellee continued to assign appellant to other jobs, and appellant allegedly suffered other injuries in November 1983 and December 1983. Appellant then filed collective bargaining agreement grievances contending that appellee had no right to reassign him to jobs outside of his classification. These grievances were not settled, and the appellant and the union decided not to take the grievances to arbitration, the final step in the grievance procedure.

Appellant subsequently filed a complaint in December 1984 alleging that appellee intentionally injured him by assigning him jobs dangerous to his lower back. Appellee moved for summary judgment on alternative grounds, asserting both that appellant's claim was preempted by two separate doctrines of federal labor law and that his claim failed as a matter of fact because his deposition testimony demonstrated the alleged wrongs did not cause his injuries. Appellant did not respond to the motion, and the trial court subsequently granted the motion for summary judgment in favor of appellee. Appellant now appeals, addressing as error only one of the

grounds which supported the appellee's summary judgment motion in the lower court.

"THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THAT THE PREEMPTION DOCTRINE WOULD NOT BAR APPELLANT'S CAUSE OF ACTION."

One of the arguments raised in the lower court in support of appellee's summary judgment motion is that appellant's claim is preempted by Sec. 301 of the Labor Management Relations Act ("LMRA") because the claim involves interpretation of a collective bargaining agreement. Appellant asserts on appeal that his state claim should withstand preemption because it is an intentional tort action which can be resolved independently of the collective bargaining agreement.

The supreme court, interpreting Sec. 301 of the LMRA, has held that federal law preempts any state rules that purport to define the meaning or scope of a term in a labor contract suit. *Teamsters* v. *Lucas Flour Company* (1962), 369 U.S. 95. Thus, it has held, "'When resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,' the plaintiff's claim is preempted by Sec. 301 of the LMRA of 1947." *Electrical Workers* v. *Hechler* (1987), 481 U.S. 851.

In the present case, appellant's state-law tort claim is based on his allegation that appellee/employer intentionally sought to cause him injury by assigning him work outside of his classification. However, the collective bargaining agreement contains specific provisions which govern (1) management's rights to make job assignments outside of an employee's classification, (2) medical leave, (3) nondiscrimination for union activity, and (4) grievances and arbitration as a method for dispute resolution. As a result, we find that appellant's "tort" claim is substantially dependent upon analysis of the agreement and thus hold the claim preempted under Sec. 301 of the LMRA. Therefore, we conclude the trial court did not err in granting summary judgment in favor of appellee on this ground.

Assignment of error overruled.

*Judgment affirmed.*

DYKE, P.J., and CORRIGAN, J., concur.